Henry E. Dibble *et al.*, Plaintiffs in Error, *v.* Caleb T. Briggs, Defendant in Error.

### ERROR TO GRUNDY COUNTY COURT.

Where a sheriff accepts an assignment of a chattel mortgage, as collateral security for the payment of a judgment, upon which an execution has been issued and placed in his hands, the plaintiff in the execution being ignorant of the assignment—the plaintiff is not bound by the action of the sheriff. The latter could only accept money in satisfaction of the execution.

A satisfaction of a judgment, if it has been paid, should be entered, it should not be canceled.

DIBBLE & Co. recovered a judgment in the County Court of Grundy county, against Griggs; upon this judgment an execution was issued, which was placed in the hands of the sheriff. A motion was made to set aside the execution and cancel the judgment; which was sustained. Errors were assigned on this judgment, upon the following state of facts:

1. Execution issued on the judgment, June 24, 1858, and was delivered to J. W. Newport, attorney for plaintiff, but said Newport does not remember whether the execution was delivered by him to the then sheriff in person or to one of his deputies.

2. Said sheriff left this State on or about the 20th of July, 1858, with money in his hands, collected as sheriff, and not applied on the executions to which they belonged; that it is not known where said sheriff went, or where he now is.

3. That on the 24th day of July, 1858, the defendant, Briggs, assigned to H. A. Woods, a deputy of sheriff Wallace, who then held the execution, a chattel mortgage as collateral security for the following executions, to wit: Daniel Horrom against said Briggs, for $88.32, with interest from April 26, 1858; E. D. Roseman against said Briggs, for $138.15, with interest from March, 1858; Dibble & Co. against Briggs, for $131.56, with interest from June 24, 1858. That there was also in the hands of said deputy, not provided for by said assignment, an execution in favor of S. W. Munn against Briggs, dated May 3, 1858, for $188.10.

4. Said deputy Woods sold property on said mortgage, September 11, 1858, for $337, but did not apply the proceeds of said sale on any of said executions, so far as is known, and there is no evidence that any was applied on the execution in favor of Dibble & Co., and that, as is supposed, he absconded on the 13th of September with the proceeds of said sale.

5. $178.71 was paid in August, 1858, and $120 April, 1858, to Woods, to apply on executions in his hands against Briggs.

6. There was a current report, at first, that sheriff Wallace had gone in pursuit of horse thieves: about 1st September, 1858, it began generally to be believed that he had absconded.

7. That Dibble & Co., or their attorney, had no knowledge

of the said transfer of said chattel mortgage for the purposes aforesaid. That the mortgage and transfer were recorded in the recorder's office of said county.

8. There is no evidence that Dibble & Co., or their attorney, had any knowledge that said execution was in the hands of deputy sheriff Woods at any time; that the same is lost and cannot be found.

9. There was no proof that the execution was in the hands of deputy Woods at the time of the sale of the property on the chattel mortgage.

10. *Mr. Reading* testified, that at the time the mortgage was assigned to Woods, he agreed that if the executions in his hands were not otherwise paid during the lives of the same, that the property described in the same should be sold, and proceeds of sale to be considered as payments on the executions. Testimony objected to, and objection overruled, and exceptions taken.

Assignment of errors:

The said judgment and order of the court were manifestly against the evidence in the case.

The court erred in holding that said Woods was, at the time said chattel mortgage was assigned to him, and at the time he sold the property on the same, a deputy sheriff of the county of Grundy.

The court erred in holding that at the time of the transfer of said chattel mortgage, and the sale of the property on the same, the said Woods was an agent of the plaintiffs in error.

The court erred in admitting the testimony of Mr. Reading, in regard to the agreement of said Woods at the time he received the transfer of said chattel mortgage, respecting the disposition of the property secured by the same, and the proceeds of the sale of said property.

The motion of the defendant in error was sustained, and the judgment and order of the court given in favor of the defendant in error, whereas the judgment and order of the court should have been in favor of the plaintiffs in error.

J. W. NEWPORT, for Plaintiffs in Error.

J. N. READING, for Defendant in Error.

BREESE, J.   The plaintiffs here obtained a judgment in 1858, against the defendant, for the sum of one hundred and thirty-one and fifty-six one-hundredths dollars in the Circuit Court of Grundy county.   An execution issued on this judgment, June 24, 1858, which it appears, only came to the hands of the sheriff's deputy, one Woods.   While in his hands, he pressed the defendant for payment, and instead of money, which is the only medium through which an execution can be satisfied, he took from the defendant an assignment of a chattel mortgage, which he held as collateral security for the payment of this judgment, on which he received the money and absconded without paying it over to the plaintiffs.

The plaintiffs had no knowledge of this transfer of the mortgage, or of the arrangement with the deputy sheriff, nor did they ever assent to it.

By the assignment, the deputy became the agent of the mortgagee, the judgment debtor, to collect the money due by it and pay it over to the plaintiffs, which he failed to do.   He was, in no respect, the agent of the plaintiffs, and his acts did not bind them.

Taking this security instead of money, was no satisfaction of the execution.   Nothing but money could satisfy it.   The plaintiffs are not bound by his acts.   The case is too plain for argument, and needs no authority to support the view we have taken of it.

The judgment is unsatisfied, and the court erred in setting aside the execution and canceling the judgment.   The court could not, under the circumstances, if the judgment had been paid, cancel it; satisfaction only could be entered.

The judgment is reversed.

*Judgment reversed.*